STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
MICHAEL T. PYLE (CABN 172954)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5087
FAX: (408) 535-5081
Email: michael.t.pyle@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA ISABEL AREVALO-VALADEZ, <br><br> Plaintiff, <br><br> v. <br><br> ALEJANDRO MAYORKAS, et al., <br><br> Defendants. | CASE NO. 5:21-cv-01254-SVK <br><br> [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
CASE NO. 5:21-cv-01254-SVK

Defendants have filed a motion to dismiss. Defendants' motion having regularly come on for hearing before the Court, and having read and considered the papers submitted in support thereof and in opposition thereto, and the parties having been afforded the opportunity to be heard, and good cause appearing therefore, **IT IS HEREBY ORDERED** that Defendants' motion is granted.

Defendants Alejandro Mayorkas, Secretary of the United States Department of Homeland Security, *et al.* ("Defendants"), moved to dismiss this case pursuant to Federal Rule of Civil Procedure 12 for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (6).

Plaintiff Laura Isabel Arevalo Valadez ("Plaintiff") seeks relief related to the denials by U.S. Citizen and Immigration Services ("USCIS") of her Form I-192, Application for Advance Permission to Enter as a Nonimmigrant ("Waiver Application"), and her Form I-918, Petition for U Nonimmigrant Status ("U Nonimmigrant Status Petition"), alleging the denials were arbitrary, capricious, and an abuse of discretion in violation of the Administrative Procedure Act ("APA"). ECF No. 1.

Plaintiff's Complaint alleges four cases of action. The first and second causes of action attack USCIS's determination that Plaintiff was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I) for having been convicted of a crime involving moral turpitude. The third cause of action attacks determinations made in the 2012 Waiver Application denial. The fourth cause of action alleges that the 8 U.S.C. § 1182(a)(6)(A)(i) inadmissibility determination was improper because the perpetrator of her qualifying criminal activity was involved in her departures and re-entries into the U.S., and therefore the fact of her presence without admission or parole should be considered "furnished solely by" the perpetrator. Plaintiff's Complaint focuses primarily on the agency's inadmissibility finding under 8 U.S.C. § 1182(a)(2)(A)(i)(I), but because of the other circumstances and determinations made in the case, even a reversal of the § 1182(a)(2)(A)(i)(I) finding would provide no effective relief.

The Court dismisses Plaintiff's third cause of action as it relates to USCIS's denial of her Waiver Application because that denial was an exercise of statutory discretion. Accordingly, the Court lacks subject-matter jurisdiction over Plaintiff's claim as it relates to her Waiver Application, and the

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
CASE NO. 5:21-cv-01254-SVK

Court dismisses this claim pursuant to Federal Rule of Civil Procedure 12(b)(1).  In addition, Plaintiff's third cause of action is time barred because she seeks to challenge a December 2012 decision on the Waiver Application in a case filed on February 24, 2021, which is more than eight years after the decision.  The relevant statute of limitations is six years.  *See* 28 U.S.C. § 2401(a).

Plaintiff's fourth cause of action fails to state a claim and is dismissed under Federal Rule of Civil Procedure 12(b)(6).  She does not allege that Defendants obtained or used any information that is prohibited by 8 U.S.C. § 1367(a)(1) in making the decisions challenged in this case, and, in fact, Plaintiff herself was the only one who furnished evidence of her inadmissibility under § 1182(a)(6)(A)(i) to Defendants.  Plaintiff's claims regarding the scope of the statutory provision are contrary to the plain language used by Congress and fail as a matter of law.

Finally, the Court dismisses Plaintiff's first and second causes of action as to USCIS's denial of his U Nonimmigrant Status Petition.  Plaintiff admits in her Complaint that she is inadmissible to the United States under 8 U.S.C. § 1182(a)(6)(A)(i) because she is present in the United States without having been admitted or paroled.  The Waiver Application was denied in an exercise of statutory discretion beyond judicial review and barred by the statute of limitations.  Therefore, her claims challenging a secondary inadmissibility finding are not relevant to the outcome of her U Nonimmigrant Status Petition, cannot provide effective relief, and an advisory ruling on them is not within this Court's jurisdiction.  Correspondingly, Plaintiff has failed to state a claim upon which relief can be granted as it relates to her U Nonimmigrant Status Petition and the Court dismisses this claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the foregoing reasons, Defendants' motion to dismiss is granted.

Dated: October 26, 2021

Hon. Susan van Keulen
United States Magistrate Judge